Littleton, Judge,
delivered the opinion of the court:
Plaintiff sues to¡ recover $9,714.90, paid April 21, 1925, as interest on a portion of an additional tax for 1916, assessed November 22, 1918. The additionál tax upon which the interest in question was collected was paid May 1,1923, after consideration and rejection by the commissioner of plaintiff’s claim for abatement filed December 14, 1918. Plaintiff claims that the interest suéd for was collected after the period of limitation within which collection thereof could lawfully be made and constituted' an overpayment within the purview of section 607 of the revenue act of 1928, and that section 611 of that act is not applicable and does not bar recovery.
The defendant demurs to the petition on the ground, first,. that the suit was not instituted within two vears after the *560 disallowance of the claim for refund; and, second, that section 611 of the revenue act of 1928 precludes recovery.
Plaintiff filed his income-tax return for the calendar year 1916 February 24, 1917, showing a total tax of $6,538.80. This was duly assessed by the commissioner May 17, 1917, and was paid May 29, 1917. Thereafter, on July 28, 1919, the commissioner discovered that the return for 1916- was erroneous, made the necessary corrections thereon, and assessed an additional tax of $140,307.80. On December 14, 1918, plaintiff filed a claim for abatement of $36,660 of the additional assessment and on December 16,1918, paid under protest the balance of $103,647.80 not covered by the abatement claim.
Thereafter the commissioner examined, considered, and audited the abatement claim filed and on April 6, 1923, rejected the claim and notified the plaintiff thereof by letter. Thereafter, on April 18, 1923, plaintiff received notice and demand from the collector for the payment of $36,660, the same being the balance of the additional tax theretofore assessed and covered by the abatement claim which had been rejected plus interest thereon in the amount of $12,464.40 at the rate of 1 per centum per month for a period of thirty-four months. May 1, 1923, plaintiff paid the balance of the additional assessment of $36,660 under protest and on May 12, 1923, filed with the collector a claim asking that the interest of $12,464.40 demanded be abated on the ground that plaintiff was not liable for the payment thereof.
The amount of interest so computed by the collector and included in his notice and demand was erroneous and was thereafter recomputed by the commissioner in the amount of $9,714.90. The last-mentioned amount of interest was, assessed by the commissioner August 22, 1923. The commissioner considered the claim filed by plaintiff for the abatement of the interest in March, 1925, rejecting the same. He did not mail to plaintiff a written notice of his action in rejecting the claim. In April, 1925, the collector notified plaintiff of the amount of interest recomputed,. a;s aforesaid, and also notified, him that the interest in the amount of $9,714.90 must be paid. The same was paid by plaintiff April 21, 1925.
*561 The commissioner did not at any time subsequent to June 1, 1924, mail to the plaintiff a notice under sections 274 (a) and 280 of the revenue act of 1924 of a determination of a deficiency in tax for 1916 or a notice of a determination with respect to interest on any tax for that year.
April 19, 1929, plaintiff, acting through a duly appointed and designated attorney in fact, filed a claim for refund,, Form 843, for the additional tax theretofore paid and, likewise, for the refund of interest of $9,714.90 paid thereon. The basis of the claim was “ that the additional tax and/or interest for the taxable year 1916 was assessed and/or collected at a time when the commissioner was without legal right so to do; or, at a time when the assessment and/or collection was barred by the statute of limitation applicable thereto.” September 3,1929, the commissioner advised plaintiff that “ Your claim will be rejected in full. The rejection will officially appear on the next schedule to be approved by the commissioner.” The claim was officially disallowed on rejection schedule 15505, signed September 25, 1929. Until recently it was not the regular practice of the Commissioner of Internal Revenue to prepare and sign a schedule of rejection of claims in every case. The petition in this case was filed September 24, 1931.
The defendant contends in support of its demurrer, first, that the petition was filed more than five years after payment of the interest sought to be recovered and more than two years after rejection of the claim for refund, which rejection, it is contended, occurred September 3, 1929; and, second, that upon the facts set forth in the petition the plaintiff is not entitled to recover the interest sued for.
The questions presented in this case have been considered and decided by this court in Savannah Bank & Trust Company et al. v. United States, ante, p. 245. For the reasons therein stated we hold that the plaintiff here is not entitled to recover. The demurrer is therefore sustained, and the petition is dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.